IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ZACHARY A. GROSSMAN, | ) | Civil No. 20-00519 LEK-KJM |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO: |
| vs. | ) | (1) DENY PLAINTIFF'S |
| | ) | APPLICATION TO PROCEED IN |
| STATE OF HAWAI'I, | ) | DISTRICT COURT WITHOUT |
| | ) | PREPAYING FEES OR COSTS; |
| Defendant. | ) | (2) DISMISS THIS ACTION |
| | ) | SUMMARILY; (3) REMAND TO |
| | ) | THE CIRCUIT COURT OF THE |
| | ) | SECOND CIRCUIT, STATE OF |
| | ) | HAWAI'I; AND (4) DIRECT THE |
| | ) | CLERK TO TERMINATE THIS |
| | ) | ACTION |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO: (1) DENY
PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT
WITHOUT PREPAYING FEES OR COSTS; (2) DISMISS THIS ACTION
SUMMARILY; (3) REMAND TO THE CIRCUIT COURT OF THE
SECOND CIRCUIT, STATE OF HAWAI'I; AND
(4) DIRECT THE CLERK TO TERMINATE THIS ACTION

I.  INTRODUCTION

On November 30, 2020, Zachary A. Grossman ("Grossman"), proceeding

*pro se*, removed a state court criminal prosecution from the Circuit Court of the

Second Circuit, State of Hawai'i ("State Action"), pursuant to 28 U.S.C. §§ 1331

& 1455 ("Notice of Removal").  ECF No. 1.  On December 10, 2020, Grossman

filed an Application to Proceed in District Court Without Prepaying Fees or Costs

("IFP Application").  ECF No. 5.  For the reasons set forth below, the Court

FINDS and RECOMMENDS that the district court:  (1) DENY Grossman's IFP

Application; (2) DISMISS this action summarily; (3) REMAND to the Circuit

Court of the Second Circuit, State of Hawai'i; and (4) DIRECT the Clerk to

terminate this action.

## II.  BACKGROUND

On May 21, 2020, the Maui Police Department arrested Grossman for

violating Hawaii Revised Statute ("HRS") § 708-814(1)(a) (criminal trespass in the

second degree) and HRS § 127A-29 (failure to stay at residence or place of lodging

except for essential activities).  ECF No. 1 at 7.  The County of Maui Department

of the Prosecuting Attorney filed a criminal complaint on June 30, 2020 ("State

Complaint").  *Id.* at 8.  Grossman alleges that removal is proper pursuant to 28

U.S.C. §§ 1331 and 1455 because federal statutes, laws, and treaties are implicated

and Grossman is a Hawaiian (foreign) national, not a United States citizen.  *Id.* at

3.

## III.  IFP Application

Federal courts can authorize the commencement of any suit without

prepayment of fees or security by a person who submits an affidavit that

demonstrates an inability to pay.  *See* 28 U.S.C. § 1915(a)(1).  "An affidavit in

support of an [*in forma pauperis*] application is sufficient where it alleges that the

affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)); *see also United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (stating that the affidavit must "state facts as to affiant's poverty with some particularity, definiteness and certainty.").

According to the IFP Application, Grossman receives weekly unemployment benefits in the amount of $263 and has $1,100 in his checking or savings account. ECF No. 5 at 1-2. Based on the information in the IFP Application, the Court finds that Grossman has demonstrated that he is unable to pay court costs at this time.

Notwithstanding Grossman's ability to demonstrate indigency, the "Ninth Circuit has indicated that leave to proceed [*in forma pauperis* ("IFP")] pursuant to 28 U.S.C. § 1915(a) is properly granted only when the plaintiff has demonstrated poverty *and* has presented a claim that is not factually or legally frivolous within the definition of [28 U.S.C.] § 1915(e)(2)(B)." *Venoya v. Remmert*, No. C 07-80117M CW, 2007 WL 1655628, at *1 (N.D. Cal. June 7, 2007) (emphasis in original) (citing *O'Loughlin v. Do*e, 920 F.2d 614, 616 (9th Cir. 1990); *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987)). "A district court may deny leave to proceed [IFP] at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati*, 821 F.2d at 1370. "An [IFP] complaint is frivolous if it has 'no arguable basis in fact or

law.'" *Venoya*, 2007 WL 1655628, at *1 (quoting *O'Loughlin*, 920 F.2d at 617; *Tripati*, 821 F.2d at 1379; *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984)); *see also* § 1915(e)(2)(B) (providing that for the purposes of permitting an action to proceed IFP, the court must dismiss the case at any time if the court determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

Grossman submitted the State Complaint with his Notice of Removal. *See* ECF No. 1 to 1-1. Grossman seeks to proceed IFP to remove the State Action to this district court based on his representation that he is a "foreign national, foreign subject and or foreign citizen not belonging to the United States of America[.]" *Id.* at 3.

## IV. Grossman's Notice of Removal

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A court must examine its own subject matter jurisdiction and may remand a case summarily if there is an obvious jurisdictional issue. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Scholastic Ent., Inc. v. Fox Ent. Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates

dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (internal citations omitted).

Further, removal statutes are "strictly construed" and "a defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). The Court concludes that removal was improper and Grossman lacks a sufficient legal basis to remove the State Action.

A.    Federal Question Jurisdiction

As an initial matter, the Court notes that Grossman seeks removal pursuant to 28 U.S.C. § 1331. ECF No. 1 at 3. Section 1331 confers federal question jurisdiction and provides: "The district courts shall have original jurisdiction of all *civil* actions arising under the Constitution, laws, or treaties of the United States." (Emphasis added). Section 1331 applies only to civil actions. Accordingly, Section 1331 may not be used as grounds for removal of a state criminal prosecution.

B.    Removing State Criminal Prosecutions

A state criminal prosecution may be removed to federal court only under the narrow circumstances set forth in 28 U.S.C. §§ 1442-43, and pursuant to the procedures for removal set forth in 28 U.S.C. § 1455. *See City of Seattle v. Manuel*, No. C13-0585-JLR-MA, 2013 WL 1898244, at *1 (W.D. Wash. Apr. 5,

2013), *report and recommendation adopted*, No. C13-0585-JLR, 2013 WL 1898243 (W.D. Wash. May 4, 2013) ("Only 28 U.S.C. §§ 1442 ("'Federal officers or agencies sued or prosecuted'), 1442a ('Members of armed forces sued or prosecuted'), and 1443 ('Civil rights cases') provide for removal of state criminal cases to federal court.").

Section 1442 applies to the prosecution of federal officers for acts done in furtherance of their official duties, and § 1442a applies to the prosecution of members of the armed forces.  Grossman does not allege that he is a federal officer or a member of the armed forces; thus, neither provision applies here.

Next, pursuant to § 1443, a criminal prosecution commenced in a state court may be removed by a defendant:  (1) "who is denied or cannot enforce in the court of such States a right under any law providing for the civil rights of citizens of the United States, or of all persons within the jurisdiction thereof," 28 U.S.C. § 1443(1); or (2) "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law."  § 1443(2).

The United States Supreme Court has interpreted 28 U.S.C. § 1443(1) as limited to a state court's inability or unwillingness to enforce a law "providing for specific civil rights stated in terms of *racial* equality."  *Georgia v. Rachel*, 384

6

U.S. 780, 792 (1966) (emphasis added).  A removing defendant must satisfy a two-part test to rely on § 1443(1).

First, the defendant "must assert, as a defense to the prosecution, rights that are given to [him] by explicit statutory enactment protecting equal racial civil rights."  *Patel v. Del Taco, Inc*., 446 F.3d 996, 999 (9th Cir. 2006) (citation and quotation marks omitted).  Second, the defendant "must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights."  *Id*. (citation and quotation marks omitted).

The Supreme Court has also clarified that § 1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights."  *City of Greenwood v. Peacock*, 384 U.S. 808, 824 (1966).  Here, Grossman does not allege a defense to his state criminal prosecution arising from any statutory enactment protecting racial civil rights.  Nor does he allege that any "state law . . . prohibits [him] from enforcing [his] civil rights in state court" or identify any authority suggesting that the Hawai'i state court is unwilling or unable to enforce Grossman's civil rights in the state criminal proceedings.  *Patel*, 446 F.3d at 999.  Further, Grossman does not allege that he is a federal officer or agent

or that he is authorized to act as such.  Thus, neither subsection of § 1443 applies to Grossman's state criminal prosecution.

The Court also notes that Grossman's Notice of Removal did not assert §§ 1442-1443 as grounds for removal.  Thus, even if he could remedy the defects discussed above, by failing to assert them in his Notice of Removal, he has waived those grounds for removal.  *See* 28 U.S.C. § 1455(b)(2) (providing that a notice of removal must contain "all grounds for such removal," that the "failure to state grounds that exist at the time of the filing of the notice shall constitute a waiver of such grounds," and that a "second notice may be filed only on grounds not existing at the time of the original notice").

In sum, Grossman fails to establish a valid basis for removal.

## V.  CONCLUSION

Based on the foregoing, the Court FINDS that this district court lacks subject matter jurisdiction over this action and thus, RECOMMENDS that the district court (1) DENY Plaintiff's application to proceed in district court without prepaying fees or costs; (2) DISMISS this action summarily; (3) REMAND to the Circuit Court of the Second Circuit, State of Hawaiʻi; and (4) DIRECT the Clerk to terminate this action.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, January 13, 2021.



Kenneth J. Mansfield
United States Magistrate Judge

CV20-00519 LEK-KJM; *Grossman v. State of Hawaiʻi*; FINDINGS AND
RECOMMENDATION TO:(1) DENY PLAINTIFF'S APPLICATION TO PROCEED IN
DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS;(2) DISMISS THIS
ACTION SUMMARILY; (3) REMAND TO THE CIRCUIT COURT OF THE SECOND
CIRCUIT, STATE OF HAWAIʻI; and (4) DIRECT THE CLERK TO TERMINATE THIS
ACTION